Mary Ann **HETREED**, Plaintiff–
Appellant,

v.

**ALLSTATE INSURANCE COMPANY,**
Defendant–Appellee.

**No.** 00–1787.

United States Court of Appeals,
Seventh Circuit.

Submitted March 16, 2001.*

Decided April 12, 2001.

Before Hon. HARLINGTON WOOD,
JR., Hon. FRANK H. EASTERBROOK,
and Hon. ILANA DIAMOND ROVNER,
Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

### Order

After our prior opinion in this case, see *Hetreed v. Allstate Insurance Co.*, 135 F.3d 1155 (7th Cir.1998), the district judge granted summary judgment to Allstate on two of Hetreed's claims: sex discrimination and intentional infliction of emotional distress. Hetreed's claim that her discharge was an act of retaliation for her complaints (the principal subject of the prior appeal) was tried to a jury, which returned a verdict in Allstate's favor. Hetreed appeals from the final decision.

One aspect of the appeal must be dismissed for want of appellate jurisdiction. Hetreed asks us to set aside the district court's award of costs in Allstate's favor. But she did not file a notice of appeal directed to the award of costs, which was made approximately seven months after the decision on the merits. The award of costs therefore is not before us. *Wielgos v. Commonwealth Edison Co.*, 892 F.2d 509, 511–12 (7th Cir.1989); cf. *Lentomyynti Oy v. Medivac, Inc.*, 997 F.2d 364, 366–68 (7th Cir.1993).

▮▮▮ A second issue also has not been properly presented. Hetreed contends that the district court should not have barred certain proposed expert witnesses, but her half-page argument (Br.25) is so cursory that we cannot tell what experts she believes should have been allowed to testify on what subjects. A litigant who wants appellate review of a subject over which the district court has discretion, and on which appellate review is deferential, see *General Electric Co. v. Joiner*, 522 U.S. 136, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997), must do more than simply state her disagreement with the judge's disposition, which is all Hetreed does. Because we have no reason to think that the district judge abused his discretion in the conduct of the trial, the jury's verdict must stand.

▮▮▮ Hetreed contends that she suffered sex discrimination because a male supervisor induced her to engage in sexual relations over a four-year period between 1991 and early 1995. (Allstate believes that these relations were consensual and that Hetreed rather than the supervisor was the initiator, but given the posture of the case the district judge properly assumed that Hetreed's version is correct.) The grant of summary judgment was based on *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998), and *Faragher v. Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). These cases hold that when a supervisor sexually harasses a subordinate, the employer is not held responsible for the supervisor's acts if the employee did not suffer any "tangible employment action" and the employer demonstrates:

(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

*Ellerth*, 524 U.S. at 765. The district court concluded that Hetreed did not suffer any tangible employment action because she had received all raises and promotions that were her due, and that Allstate exercised reasonable care by putting in place a system for making complaints—a system that Hetreed did not use until half a year after the supervisor in question retired. Moreover, the court observed, when Hetreed did complain, Allstate took the only action available to it: it withheld any discretionary increase in the ex-supervisor's retirement benefits. Hetreed contends on appeal that there were material disputes of fact, but she

does not identify any. Her contention that sexual relations are "tangible employment actions" is at variance with the definition given in *Faragher* and *Ellerth,* which used that phrase to refer to wages, promotions, and other acts that may be viewed as the official acts of *the employer* within the scope of Title VII (which deals with wages and other conditions of employment); a supervisor's sexual activity is not attributed to the firm unless it fails to take preventive or responsive steps within its power. Hetreed essentially disagrees with *Ellerth* and *Faragher.* She says, for example, that women should not be required to complain because of the possibility of retaliation. But if that bare possibility were enough, the defense identified in *Ellerth* and *Faragher* would be a dead letter. Retaliation, if it does occur, can be penalized. Hetreed failed to prove that retaliation ensued; an unfounded suspicion that retaliation *might* occur does not deprive an employer of the defense identified by the Supreme Court.

Two remaining arguments require only brief comment.

Hetreed contends that Allstate violated the Americans with Disabilities Act, but her brief does not explain how, since the firm retained (and promoted) her right up until a discharge that the jury evidently determined was attributable to Hetreed's misconduct. (Our prior opinion describes the circumstances.) Hetreed does not contend that she *was* disabled; to the contrary, she says that she could perform every task. Although, as her brief contends, depression can be disabling, her brief does not relate this to any adverse action taken by Allstate.

Finally, Hetreed's objection to the district court's decision that the workers'

compensation laws foreclose her state-law claims against Allstate is unavailing given what happened in the rest of the case. Hetreed wants to apply the label "intentional infliction of emotional distress" to the discrimination and retaliation of which she complains. But given that Allstate prevailed on these claims, it also would prevail even if it were possible to disregard the workers' compensation bar to state-law theories. (Hetreed's assertion that she "has a valid [state-law] claim without the allegations of sexual harassment and retaliation" (Br.27) is unelaborated, and we do not see how such a claim could survive. See *Smith v. Chicago School Reform Board of Trustees,* 165 F.3d 1142, 1151 (7th Cir.1999).)

AFFIRMED