**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RACHEL C. NORMAN, | DOCKET NUMBER |
| Appellant, | DA-0752-14-0266-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: January 20, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Samuel C. Beale, Esquire, Houston, Texas, for the appellant.

Paul C. Wolf, Esquire, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the appellant's removal.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to more thoroughly analyze the appellant's whistleblower defense and the issue of hearsay evidence, we AFFIRM the initial decision.

¶2        The agency removed the appellant on a single charge of Unacceptable Conduct, finding that the "immediate surgery" she had on June 4, 2013, which she claimed to need as the result of an alleged June 3, 2013 on-the-job injury, was instead elective surgery that she had scheduled for that date back in April 2013 and for which she had insufficient leave available. Initial Appeal File (IAF), Tab 5 at 35-42. The appellant filed a timely appeal and, after holding a hearing, the administrative judge found that the agency proved its charge and that the appellant had failed to establish her affirmative defenses of reprisal for whistleblowing, retaliation for prior equal employment opportunity (EEO) activity, and racial discrimination. IAF, Tab 17, Initial Decision (ID). In her timely-filed petition for review, the appellant challenges the administrative judge's findings on the substantive charge and the penalty, but she does not claim that the administrative judge erred in rejecting her affirmative defenses. Petition for Review (PFR) File, Tab 1. The agency responds in opposition. PFR File, Tab 3.

¶3          Although, as noted above, the appellant does not specifically challenge the administrative judge's findings on her affirmative defense of whistleblowing, we take this opportunity to supplement the administrative judge's analysis of this claim. *See* ID at 13.  In her prehearing submission, the appellant claimed that management improperly charged her due to her whistleblowing activity, citing National Labor Relations Board (NLRB) charges she filed against the agency. IAF, Tab 10 at 13.  Specifically, the appellant claimed that the agency refused to allow her, in her role as the Chief Union Steward, to conduct union business while on the clock, instead instructing her to conduct such business before or after her tour of duty.[2]  *See* IAF, Tab 12 at 27.  Because it also would constitute a violation of 5 U.S.C. § 2302(b)(8) and, as the administrative judge found, was disclosed through additional channels, such a charge would qualify as a protected whistleblowing disclosure.  *See Mitchell v. Department of the Treasury*, 68 M.S.P.R. 504, 509-10 (1995) (citing *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1035 (Fed. Cir. 1993)).  While the appellant identified no specific evidence that would show that her alleged protected disclosure was a contributing factor in her removal, the record reflects that the appellant filed the NLRB charge in June 2013, just less than 6 months before the agency proposed her removal in November 2013.  IAF, Tab 5 at 39, Tab 12 at 27.  A personnel action begun within that amount of time after a disclosure is sufficient to satisfy the knowledge/timing test and to conclude that the disclosure was a contributing factor in the personnel action at issue.  *E.g.*, *Mudd v Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 10 (2013) (1 year); *Ormond v. Department of Justice*, 118 M.S.P.R. 337, ¶ 13 (2012) (6 months).  Nevertheless, as the following analysis indicates, we agree with the administrative judge that the

---

[2] In her initial decision, rather than cite to the specific allegation the appellant proffered in her prehearing submission, the administrative judge instead cited the appellant's testimony that, "she constantly pointed out violations of law, rule, or regulations to management officials" and her claim that the Customer Service Manager at her station resented her for doing so.  ID at 13.

record in this matter contains overwhelming evidence that the agency would have removed the appellant absent her alleged protected disclosures.  ID at 13.

¶4        In order to determine whether the agency proved by clear and convincing evidence that it would have taken the same personnel actions against the appellant absent her protected disclosure, the administrative judge must consider the following three factors:  (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of agency officials involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but are otherwise similarly situated.  *See Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).  Moreover, evidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record and despite the evidence that fairly detracts from that conclusion.  *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).  In this matter the agency's evidence is, as the administrative judge amply recounted in her initial decision, overwhelming, and it need not be repeated here.  *See* ID at 2-13.  On the second *Carr* factor, the appellant fails to identify, and the record does not demonstrate, any particular motive to retaliate on the part of the agency officials involved in the matter.  Similarly, regarding the third *Carr* factor, the record is also devoid of any evidence that the agency takes similar actions against employees who are not whistleblowers, regardless of whether they are similarly-situated to the appellant.  Thus, we find that the agency established by clear and convincing evidence that it would have removed the appellant in the absence of her alleged protected activity.

¶5        In her petition for review, the appellant argues that the administrative judge erred in relying on the testimony an investigator with the agency's Office of the Inspector General (OIG), because his conclusion that there was no causal relationship between the appellant's alleged June 3, 2013 injury and her

previously scheduled elective surgery on June 4, 2013, was based on hearsay, namely his interview with the office manager for the doctor who performed the elective surgery. PFR File, Tab 1 at 4-6. The appellant is correct that the office manager's statement constitutes hearsay evidence, and, although the administrative judge mentions the evidence in the initial decision, ID at 5, 9, it does not appear to be the sole evidence she relied upon, or even a major factor, in her findings on the issue.

¶6 Nevertheless, the Board evaluates the probative value of hearsay under factors including the availability of persons with firsthand knowledge to testify at the hearing, whether the out-of-court statements were sworn, whether the declarants were disinterested witnesses to the events and whether their statements were routinely made, the consistency of the out-of-court statements with other statements and evidence, whether there is corroboration or contradiction in the record, and the credibility of the out-of-court declarant. *E.g.*, *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 13 (2011) (citing *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981)).

¶7 In this matter, the statement at issue was not sworn, the declarant has no interest in the proceedings, and there is no specific evidence as to whether the declarant routinely makes this type of statement or her credibility in doing so. The key factor here is the ample corroboration of this evidence in the record and its consistency with that record. Indeed, as noted above, and contrary to the appellant's assertions on review, the office manager's opinion is by no means the only evidence indicating that the appellant's alleged June 3, 2013 injury was unconnected to her previously scheduled surgery, the strongest of which was the appellant's own words and actions. For example, the appellant sought continuation of pay from the Office of Workers' Compensation Programs (OWCP) based on documentation and treatment from Dr. Varon, who performed the previously scheduled, elective surgery on June 4, 2013, but she conceded that it was Dr. Lee, not Dr. Varon, who treated her for her June 3rd on-the-job injury.

ID at 11; *see* IAF, Tab 10 at 28-30. The appellant makes a similar concession in her petition for review. PFR File, Tab 1 at 6. Although the appellant reportedly claimed in her testimony that she was not trying to get the agency to pay her for the time she took off for her previously scheduled elective surgery, the fact remains that she explicitly requested continuation of pay, and she further testified that she wanted her claims for therapy and x-rays to be approved. ID at 11; *see* IAF, Tab 10 at 28-30. Moreover, as the administrative judge noted, hearing testimony indicated that the appellant had not requested leave in advance of her previously scheduled elective surgery and that she in fact did not have enough leave to allow her to do so. ID at 7. Thus, the record reflects in several ways, apart from the hearsay evidence at issue, that the appellant's June 3rd injury was unrelated to her previously scheduled June 4th surgery. The appellant also argues that the administrative judge erred in finding that her self-diagnosis constituted a false medical claim. PFR File, Tab 1 at 6. However, that is the appellant's, not the administrative judge's,[3] characterization and the appellant's concession recounted above, as well as the statements she submitted to management on June 11 and 12, 2013, could arguably be construed as such. *See* IAF, Tab 5 at 50, 58, Tab 11, Exhibit L.

¶8      The appellant does not agree with the administrative judge's findings and conclusions. However, we discern no reason, other than to more fully analyze the whistleblowing and hearsay issues, to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *E.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made

---

[3] The administrative judge instead characterized her finding thusly: "I find it more likely true than not that the appellant sought to deceive the agency and be compensated for an elective surgery by claiming the surgery was necessitated by an on-the-job injury the day before." ID at 12. For the reasons set forth in the initial decision and above, we agree with the administrative judge.

reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge thoroughly reviewed the hearing testimony and specifically cited to *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), in setting forth her credibility determinations. ID at 12. On review, the appellant fails to identify sufficiently sound reasons to overturn the administrative judge's determinations. *See* PFR File, Tab 1.

¶9        Regarding the penalty, the appellant contends that the administrative judge improperly used her statements in response to the charges in determining the appropriateness of the penalty. *Id.* at 7-8 (citing *King v. Erickson*, 89 F.3d 1575, 1577 (Fed. Cir. 1996)). First of all, the case that the appellant cites was unanimously reversed in a consolidated appeal before the United States Supreme Court. *See Lachance v. Erickson*, 522 U.S. 262 (1998). Additionally, the record does not reflect that the administrative judge improperly used the appellant's statements. ID at 12. Instead, this reflects the administrative judge's observation of changes in the appellant's story over time, and is merely one piece of evidence among many illustrating the appellant's attempt "to deceive the agency and be compensated for an elective surgery by claiming the surgery was necessitated by an on-the-job injury the day before." ID at 12. Again, we agree with the administrative judge's assessment of the evidence.

¶10       Lastly, the appellant complains that the administrative judge granted the agency's request to call any of the appellant's witnesses but denied her similar request to call any of the agency's witnesses. PFR File, Tab 1 at 8-9. The record shows that both parties indeed requested the ability to call each other's witnesses. *See* IAF, Tab 10 at 14, Tab 13 at 9. Nevertheless, the record reflects that the

administrative judge granted the parties' proposed witnesses by name and not in any global manner as the parties requested.  IAF, Tab 14 at 3.  Importantly, the administrative judge informed the parties in her summary of the prehearing conference that they must file any objections or motions to supplement her memorandum by May 9, 2014.  *Id.* at 4.  Neither party did so.  The appellant's failure to timely object to rulings on witnesses precludes her doing so on petition for review.  *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988).  Moreover, the appellant, who was represented below, did not request a subpoena for the witness and she failed to make a timely request for a continuance to obtain the witness's presence or show that such a request was denied.  *See Lohr v. Department of the Air Force*, 24 M.S.P.R. 383, 386 (1984).

¶11        In its response to the appellant's petition for review, the agency asserts that it did not call this witness and that it announced its decision "openly" at the conclusion of its case because his testimony would have been repetitive of testimony already provided by others.  PFR File, Tab 3 at 15.  In her petition for review, the appellant claims that she "lost the ability to offer strong evidence to overcome the flawed circumstantial evidence of the agency" when it failed to call the proposing official, one of its designated witnesses, to testify.  PFR File, Tab 1 at 9.  As noted above, the appellant failed to object below, and she fails on review to identify exactly what testimony she sought or how her failure to obtain the testimony of this witness denied her a fair hearing, impaired the proceedings, or prejudiced her substantive rights so as to require reversal of the initial decision.  *See Dubiel v. U.S. Postal Service*, 54 M.S.P.R. 428, 432 (1992).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request further review of this final decision.  There are several options for further review set forth in the paragraphs below.  You may choose only one of these

options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order

before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you do not want to request review of this final decision concerning your discrimination claims, but you do want to request review of the Board's decision without regard to your discrimination claims, you may request review of this final decision on the other issues in your appeal by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or by any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B)  (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.