J-S06021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| VICTOR MALDONADO-RIVERA | |
| Appellant | No. 960 MDA 2015 |

Appeal from the PCRA Order May 14, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000088-2006

BEFORE:  PANELLA, J., MUNDY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MUNDY, J.:                    **FILED FEBRUARY 12, 2016**

Appellant, Victor Maldonado-Rivera, appeals *pro se* from the May 14, 2015 order dismissing his second Post Conviction Relief Act[1] (PCRA) petition as untimely.  After careful review, we affirm.

We summarize the procedural history of this case as follows.  On May 25, 2006, Appellant entered an open plea of guilty to two counts of involuntary deviate sexual intercourse, one count of aggravated indecent assault, and one count of indecent assault.[2]  On October 4, 2006, Appellant was sentenced to an aggregate term of incarceration of 14½ to 29 years, followed by five years of probation.  Appellant filed a timely direct appeal,

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A §§ 3123(a)(6), 3123(b), 3125(a)(7), and 3126(a)(7), respectively.

*Former Justice specially assigned to the Superior Court.

wherein he argued the ineffectiveness of his plea counsel for failing to insure the full participation of a certified interpreter, failing to challenge Appellant's competency to enter a plea, and failing to present a mitigating witness at sentencing.[3] Appellant also challenged the voluntariness of his guilty plea. This Court affirmed the judgment of sentence on March 11, 2009, and our Supreme Court denied Appellant's petition for allowance of appeal on August 26, 2009. *Commonwealth v. Maldonaldo-Rivera*, 972 A.2d 557 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 983 A.2d 727 (Pa. 2009).

On December 11, 2011, Appellant filed a *pro se* "Writ of *Habeas Corpus Ad Subjiciendum*" seeking *habeas corpus* relief based on the purported denial of counsel during his preliminary arraignment. The trial court denied relief and Appellant appealed. On June 12, 2012, this Court noted Appellant's petition should have been treated as a PCRA petition, vacated the trial court's dismissal order, and remanded for appointment of counsel and further proceedings. *Commonwealth v. Maldonaldo-Rivera*, 53 A.3d 929 (Pa. Super. 2012) (unpublished memorandum). The PCRA court appointed counsel, who filed a motion to withdraw together with a

---

[3] Appellant's ineffective assistance of counsel issues were reviewable on direct appeal at the time, pursuant to *Commonwealth v. Bomar*, 826 A.2d 831 (Pa. 2003), since limited by the decision in *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013).

***Turner*/*Finley***[4] letter. Subsequently, the PCRA court dismissed Appellant's petition as untimely and not subject to any of the limited exceptions to the PCRA's timeliness requirements and granted counsel's motion to withdraw. Appellant appealed *pro se*, and on August 19, 2014, this Court affirmed. ***Commonwealth v. Maldonaldo-Rivera***, 106 A.3d 166 (Pa. Super. 2014) (unpublished memorandum).

On April 13, 2015, Appellant filed the instant *pro se* PCRA petition. On April 20, 2015, the PCRA court, in accordance with Pennsylvania Rule of Criminal Procedure 907, filed its notice of intent to dismiss Appellant's PCRA petition as untimely. Appellant filed a *pro se* response on May 1, 2015. On May 14, 2015, the PCRA court dismissed Appellant's petition. Appellant filed a timely notice of appeal on June 1, 2015.[5]

On appeal, Appellant raises the following issues.

> 1. The [t]rial [c]ourt erred in overlooking the PCRA Exception under [4]2 Pa.C.S.A. §9545(b)(1)(i), (ii) and (iii), where a valid exception applied to [Appellant], where the [PCRA] court acknowledged [Appellant's] inability to comprehend and understand even the basic English language, more the less Criminal Law.
>
> 2. The [t]rial [c]ourt failed to apply the exceptions at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii) and (iii), namely section (i) : The failure to raise the

---

[4] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

- 3 -

claim previously the result of interference by government [sic] officials with the presentation of the claim in violation of the constitution or laws of this Commonwealth or the Constitution or Laws of the United States, where the Department of Corrections hindered [Appellant's] ability to access the courts and to inform [Appellant] of court rulings affecting [Appellant's] sentence.

3.    The [t]rial [c]ourt failed to apply the exceptions at 42 Pa.C.S.A. § 9545 (b)(1)(i), (ii) and (iii), namely section (ii) : The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence, as [Appellant] is incarcerated and without the access of criminal court decisions which have affected this [Appellant's] illegal and unconstitutionally imposed mandatory enhanced consecutive sentence pursuant to § 9718.

4.    The [PCRA] Court abused its discretion to retain jurisdiction of a federal court ruling affecting the legality of [Appellant's] illegal and unconstitutitionally [sic] imposed sentence in violation of [Appellant's] contractual plea agreement, where [Appellant's] plea could not have been knowingly, intelligently and voluntarily entered, and should have been corrected.

5.    The [PCRA] Court abused its discretion by denying PCRA Counsel and in not affording [Appellant] the exception available to a state court to grant retroactive effect to a United States Supreme Court constitutional ruling, pursuant to *Danfor*[*th*] *v. Minnesota*, 522 U.S. 264 (2008), considering the excessive Mandatory Sentence imposed illegally.

6.    The Superior Court of Pennsylvania has the right to review and to reverse/remand an issue of the legality of a sentence *sua sponte* as the legality of a sentence can never be waived.

Appellant's Brief at 4-5.

We note the following principles guiding our review. "Our standard of review of [an] order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Melendez-Negron*, 123 A.3d 1087, 1090 (Pa. Super. 2015) (citation omitted). The timeliness of Appellant's petition is our threshold issue "because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition." *Commonwealth v. Cristina*, 114 A.3d 419, 421 (Pa. Super. 2015) (citations omitted). "Under the PCRA, any petition for post-conviction relief… must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies."[6] *Id.* "The period for filing a PCRA petition is

_____

[6] The statute sets forth those exceptions as follows.

**§ 9545. Jurisdiction and proceedings**

…

(b) Time for filing petition.—

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

*(Footnote Continued Next Page)*

not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended." ***Commonwealth v. Miller***, 102 A.3d 988, 992-993 (Pa. Super. 2014) (internal quotation marks and citation omitted).

Appellant's judgment of sentence became final on November 24, 2009, ninety days after our Supreme Court denied his petition for allowance of appeal. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Accordingly, Appellant had until November 24, 2010, to file a timely PCRA petition unless he could plead and prove the application of one of the listed exceptions. ***See id.*** § 9545(b)(1).

*(Footnote Continued)* —————————

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> …

42 Pa.C.S.A. § 9545(b)(1).

Instantly, although Appellant attempts to invoke the applicability of all three of the statutory exceptions, his fundamental underlying claim is that he should be afforded relief based on retroactive application of the United States Supreme Court's June 17, 2013 decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Appellant's Brief at 16.[7]

This Court has recently held that while "*Alleyne* applies retroactively on direct appeal, we have declined to construe that decision as applying retroactively to cases during PCRA review." *Commonwealth v. Riggle*, 119 A.3d 1058, 1064-1065 (Pa. Super. 2015). Our Supreme Court has clearly held "that the language 'has been held' in 42 Pa.C.S. § 9545(b)(1)(iii) means that a retroactivity determination must exist at the time that the petition is filed." *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 502 (Pa. 2002). No such decision holding *Alleyne* to apply retroactively for post-conviction collateral relief has been made. *See Miller*, *supra* at 995 (noting it was fatal to Miller's claimed Section 9545(b)(1)(iii) exception that neither the United States nor the Pennsylvania Supreme Courts have held that *Alleyne* applies retroactively to cases where the judgment of sentence is final). Appellant points out that the United States

---

[7] Appellant's arguments asserting the governmental interference and newly discovered fact exceptions of Section 9545(b)(1)(ii) are advanced in an attempt to excuse his filing his PCRA petition more than 60 days after the date of the decision in *Alleyne*. Appellant's Brief at 15-20; *see* 42 Pa.C.S.A. § 9545(b)(2). Because of our disposition, we need not reach these claims.

Supreme Court has held that its retroactivity jurisprudence as clarified in *Teague v. Lane*, 489 U.S. 288 (1989), does not restrict the authority of states to give broader effect than required by the *Teague* decision. Appellant's Brief at 23, *citing* *Danforth v. Minnesota*, 552 U.S. 264, 266 (2008). However, this Court lacks the judicial power to decide that question for the purposes of the PCRA time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii) (allowing a time-bar exception for "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania … and has been held **by that court** to apply retroactively") (emphasis added).[8]

Based on the foregoing, we conclude Appellant has failed to plead and prove the applicability of an exception to the timeliness requirements of the PCRA, therefore, we agree with the PCRA court that his petition is untimely, and that the PCRA court and this Court are without jurisdiction to address Appellant's substantive claims. *See Cristina*, *supra*. Accordingly, we affirm the PCRA court's May 14, 2015 order dismissing Appellant's PCRA petition.

Order affirmed.

---

[8] Additionally, this Court, after applying the *Teague* principles to *Alleyne*, has opined, "the fundamental fairness of the trial or sentencing is not seriously undermined, and *Alleyne* is not entitled to retroactive effect in [a] PCRA setting." *Riggle*, *supra* at 1067.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/12/2016</u>