## LACHANCE, DIRECTOR, OFFICE OF PERSONNEL MANAGEMENT *v.* ERICKSON ET AL.

No. 96-1395.   Argued December 2, 1997—Decided January 21, 1998*

---

*Together with *Lachance, Director, Office of Personnel Management* v. *McManus et al.*, also on certiorari to the same court (see this Court's Rule 12.4).

REHNQUIST, C. J., delivered the opinion for a unanimous Court.

*Solicitor General Waxman* argued the cause for petitioner. With him on the briefs were *Acting Solicitor General Dellinger, Assistant Attorney General Hunger, Roy W. McLeese III, David M. Cohen, Todd M. Hughes, Lorraine Lewis, Steven E. Abow,* and *Joseph E. McCann.*

*Paul E. Marth* argued the cause and filed a brief for respondent Erickson. *John R. Koch* filed a brief for respondent Walsh. *Neil C. Bonney* filed a brief for respondent Kye.†

---

†*Jody M. Litchford, James P. Manak,* and *Wayne W. Schmidt* filed a brief for the International Association of Chiefs of Police, Inc., as *amicus curiae* urging reversal.

CHIEF JUSTICE REHNQUIST delivered the opinion of the Court.

The question presented by this action is whether either the Due Process Clause or the Civil Service Reform Act of 1978 (CSRA), 5 U. S. C. § 1101 *et seq.*, precludes a federal agency from sanctioning an employee for making false statements to the agency regarding alleged employment-related misconduct on the part of the employee. We hold that they do not.

Respondents Walsh, Erickson, Kye, Barrett, Roberts, and McManus are Government employees who were the subject of adverse actions by the various agencies for which they worked. Each employee made false statements to agency investigators with respect to the misconduct with which they were charged. In each case, the agency additionally charged the false statement as a ground for adverse action, and the action taken in each was based in part on the added charge. The employees separately appealed the actions taken against them to the Merit Systems Protection Board (Board). The Board upheld that portion of the penalty based on the underlying charge in each case, but overturned the false statement charge. The Board further held that an employee's false statements could not be used for purposes of impeaching the employee's credibility, nor could they be considered in setting the appropriate punishment for the employee's underlying misconduct. Finally, the Board held that an agency may not charge an employee with failure to report an act of fraud when reporting such fraud would tend to implicate the employee in employment-related misconduct.

The Director of the Office of Personnel Management appealed each of these decisions by the Board to the Court of Appeals for the Federal Circuit. In a consolidated appeal involving the cases of Walsh, Erickson, Kye, Barrett, and Roberts, that court agreed with the Board that no penalty could be based on a false denial of the underlying claim.

*King* v. *Erickson,* 89 F. 3d 1575 (1996). Citing the Fifth Amendment's Due Process Clause, the court held that "an agency may not charge an employee with falsification or a similar charge on the ground of the employee's denial of another charge or of underlying facts relating to that other charge," nor may "[d]enials of charges and related facts . . . be considered in determining a penalty." *Id.,* at 1585. In a separate·unpublished decision, judgt. order reported at 92 F. 3d 1208 (1996), the Court of Appeals affirmed the Board's reversal of the false statement charge against McManus as well as the Board's conclusion that an employee's "false statements . . . may not be considered" even for purposes of impeachment. *McManus* v. *Department of Justice,* 66 MSPR 564, 568 (1995).

We granted certiorari in both cases, 521 U. S. 1117 (1997), and now reverse. In *Bryson* v. *United States,* 396 U. S. 64 (1969), we said: "Our legal system provides methods for challenging the Government's right to ask questions—lying is not one of them. A citizen may decline to answer the question, or answer it honestly, but he cannot with impunity knowingly and willfully answer with a falsehood." *Id.,* at 72 (footnote omitted). We find it impossible to square the result reached by the Court of Appeals in the present case with our holding in *Bryson* and in other cases of similar import.

.Title 5 U. S. C. § 7513(a) provides that an agency may impose the sort of penalties involved here "for such cause as will promote the efficiency of the service." It then sets forth four procedural rights accorded to the employee against whom adverse action is proposed. The agency must:

> (1) give the employee "at least 30 days' advance written notice"; (2) allow the employee "a reasonable time, but not less than 7 days, to answer orally and in writing and to furnish . . . evidence in support of the answer"; (3) permit the employee to "be represented by an attorney or other representative"; and (4) provide the employee

with "a written decision and the specific reasons therefor." 5 U. S. C. § 7513(b).

In these carefully delineated rights there is no hint of any right to "put the government to its proof" by falsely denying the charged conduct. Such a right, then, if it exists at all, must come from the Fifth Amendment of the United States Constitution.

The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law . . . ." The Court of Appeals stated that "it is undisputed that the government employees here had a protected property interest in their employment," 89 F. 3d, at 1581, and we assume that to be the case for purposes of our decision.

The core of due process is the right to notice and a meaningful opportunity to be heard. *Cleveland Bd. of Ed.* v. *Loudermill,* 470 U. S. 532, 542 (1985). But we reject, on the basis of both precedent and principle, the view expressed by the Court of Appeals in this action that a "meaningful opportunity to be heard" includes a right to make false statements with respect to the charged conduct.

It is well established that a criminal defendant's right to testify does not include the right to commit perjury. *Nix* v. *Whiteside,* 475 U. S. 157, 173 (1986); *United States* v. *Havens,* 446 U. S. 620, 626 (1980); *United States* v. *Grayson,* 438 U. S. 41, 54 (1978). Indeed, in *United States* v. *Dunnigan,* 507 U. S. 87, 97 (1993), we held that a court could, consistent with the Constitution, enhance a criminal defendant's sentence based on a finding that he perjured himself at trial.

Witnesses appearing before a grand jury under oath are likewise required to testify truthfully, on pain of being prosecuted for perjury. *United States* v. *Wong,* 431 U. S. 174 (1977). There we said that "the predicament of being forced to choose between incriminatory truth and falsehood . . . does not justify perjury." *Id.,* at 178. Similarly, one who files a

false affidavit required by statute may be fined and imprisoned. *Dennis* v. *United States*, 384 U. S. 855 (1966).

The Court of Appeals sought to distinguish these cases on the ground that the defendants in them had been under oath, while here the respondents were not. The fact that respondents were not under oath, of course, negates a charge of perjury, but that is not the charge brought against them. They were charged with making false statements during the course of an agency investigation, a charge that does not require that the statements be made under oath. While the Court of Appeals would apparently permit the imposition of punishment for the former but not the latter, we fail to see how the presence or absence of an oath is material to the due process inquiry.

The Court of Appeals also relied on its fear that if employees were not allowed to make false statements, they might "be coerced into admitting the misconduct, whether they believe that they are guilty or not, in order to avoid the more severe penalty of removal possibly resulting from a falsification charge." App. to Pet. for Cert. 16a–17a. But we rejected a similar claim in *United States* v. *Grayson*, 438 U. S. 41 (1978). There a sentencing judge took into consideration his belief that the defendant had testified falsely at his trial. The defendant argued before us that such a practice would inhibit the exercise of the right to testify truthfully in the proceeding. We described that contention as "entirely frivolous." *Id.*, at 55.

If answering an agency's investigatory question could expose an employee to a criminal prosecution, he may exercise his Fifth Amendment right to remain silent. See *Hale* v. *Henkel*, 201 U. S. 43, 67 (1906); *United States* v. *Ward*, 448 U. S. 242, 248 (1980). It may well be that an agency, in ascertaining the truth or falsity of the charge, would take into consideration the failure of the employee to respond. See *Baxter* v. *Palmigiano*, 425 U. S. 308, 318 (1976) (discussing the "prevailing rule that the Fifth Amendment does not for-

bid adverse inferences against parties to civil actions when they refuse to testify"). But there is nothing inherently irrational about such an investigative posture. See *Konigsberg* v. *State Bar of Cal.*, 366 U. S. 36 (1961).

For these reasons, we hold that a Government agency may take adverse action against an employee because the employee made false statements in response to an underlying charge of misconduct. The judgments of the Court of Appeals are therefore

*Reversed.*