NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3186

JACQUELYN B. KING,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Jacquelyn B. King, of Little Rock, Arkansas, pro se.

James W. Poirier, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Appealed from:   United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3186

JACQUELYN B. KING,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED: October 30, 2007

_____

Before NEWMAN and DYK, Circuit Judges, and YEAKEL,* District Judge.

NEWMAN, Circuit Judge.

Petitioner Jacquelyn B. King, pro se, appeals a decision of the Merit Systems

Protection Board affirming her removal from federal service. King v. Dep't of the Army, No.

DA0752060514-I-1 (MSPB Oct. 27, 2006). Because we discern neither legal nor

_____

* Hon. Lee Yeakel, District Judge, United States District Court for the Western District of
Texas, sitting by designation.

procedural error, nor an abuse of discretion, and substantial evidence in the record supports the Board's decision, we affirm.

## BACKGROUND

Ms. King was employed by the Department of the Army (the agency) as an Equal Employment Opportunity (EEO) Manager. In the course of her employment she was erroneously issued a $4,158.00 travel check. Upon discovery of the error, her superiors explained that she was not entitled to these funds and cautioned her not to cash the check. Ms. King cashed the check, then stated that she never received the check, and also that her estranged husband cashed the check. Ms. King eventually admitted her misconduct. However, the agency removed her from service, on grounds of disgraceful conduct of a federal employee, and making false statements and lying to her supervisor.

Ms. King appealed to the Board. The administrative judge concluded that the agency had proved its charges by a preponderance of the evidence. 5 U.S.C. §7701(c)(1); 5 C.F.R. §1201.56, and that the removal action promoted the efficiency of the service, and was the appropriate penalty. The full Board denied review, and this appeal followed.

## DISCUSSION

A decision of the Board must be affirmed unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. §7703(c)(2000); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

## The Charge of False Statements

Ms. King states that the Board erred in charging her with both the offenses of engaging in misconduct by cashing the travel check, and making false statements to her superiors. She cites Walsh v. Dep't of Veterans Affairs, 62 M.S.P.R. 586, 595 (1994)(an agency may not separately charge an employee with misconduct and with making false statements regarding the misconduct). However, the Supreme Court has reversed the principle stated in Walsh. In LaChance v. Erickson, 522 U.S. 262, 268 (1998) the court held that neither the Due Process Clause of the Constitution nor the Civil Service Reform Act of 1978, 5 U.S.C. §1101 *et seq.*, precludes "a government agency [from taking] adverse action against an employee because the employee made false statements in response to an underlying charge of misconduct." That she was charged with separate offenses does not constitute reversible error.

## The Appropriateness of the Removal Penalty

Ms. King admitted that she committed the offenses, and argues that the penalty of removal was disproportionately extreme, and basically unfair. She points to Army Regulations A.R. 600-700, ch. 751, Appendix A - Table of Penalties for Various Offenses, **[54-61]** listing various offenses and suggested penalties for first and subsequent offenses. For example, the Regulations include the following:

> Nature of Offense. a. False statements, misrepresentations, or fraud in entitlements, includes falsifying information on a time card, leave form, travel voucher, or other document pertaining to entitlements.

2007-3186                                    3

The corresponding penalties are listed as follows:

First Offense. Written reprimand to removal;
Second Offense. 30 day suspension to removal; and,
Third Offense. Removal.

Ms. King argues that the penalty should be at a lower end of the range for a first offense, arguing that removal is not reasonable on its face. She contests the AJ's conclusion that her conduct was disgraceful and egregious, points out that this was her first episode of misconduct, and states that the AJ did not reasonably and thoroughly consider all of the mitigating Douglas factors. Douglas v. Veterans Admin., 5 M.S.P.R. 280, 308 (1981).

The Board has the authority to mitigate the penalty when it finds that the sanction is clearly excessive, disproportionate, or arbitrary, capricious, or unreasonable. Id. at 284. The dozen Douglas factors are guides to balancing the mitigating and the aggravating circumstances of a case to achieve a fair penalty. Id. (disproportionate penalties violate "the principle of like penalties for like offense"). After receiving testimony for and against the petitioner, the AJ concluded: "Considering the evidence of record, I find that the agency has shown that it gave adequate consideration to the Douglas factors and thereafter properly exercised its managerial discretion in selecting the penalty of removal.") King, op. at 5.

We have considered all of Ms. King's arguments on appeal, including an allegation of reprisal for prior EEO activity. We discern no error of law or procedure, or an abuse of discretion, in the decision affirming the Army's removal action.