NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**GABRIEL MAIKA'I DELAPENIA,**

*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent,*

AND

**DEPARTMENT OF THE NAVY,**

*Intervenor.*

---

2010-3116

---

Petition for review of the Merit Systems Protection Board in case no. SF0752090980-I-1.

---

Decided: November 9, 2010

---

GABRIEL MAIKA'I DELAPENIA, of Kapolei, Hawaii, pro se.

CALVIN M. MORROW, Attorney, Office of General Counsel, Merit Systems Protection Board, of Washington, DC for respondent. With him on the brief were JAMES M.

EISENMAN, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

KENT C. KIFFNER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before RADER, *Chief Judge*, LOURIE, and DYK, *Circuit Judges*.

PER CURIAM.

Gabriel Maika'I Delapenia ("Delapenia") petitions for review of a final decision of the Merit Systems Protection Board ("Board"). The Board dismissed Delapenia's appeal for lack of jurisdiction. *Delapenia v. Dep't of the Navy*, No. SF0752090980-I-1 (M.S.P.B. Mar. 17, 2010) ("*Final Decision*"). We *affirm*.

## BACKGROUND

On June 3, 2009, Delapenia resigned from his position as a Police Officer at Naval Station Pearl Harbor, in Pearl Harbor, Hawaii. He claims that his resignation was involuntary and that the Board accordingly had jurisdiction. The background of this dispute is as follows.

As confirmed by video surveillance, Delapenia and several other officers drove government owned vehicles to a Denny's restaurant located outside of their patrol areas while on duty the night of December 15, 2008. When interviewed regarding the matter by Captain Giddens of the Naval Security Station on December 20, 2008, Delapenia executed a sworn statement denying he had visited

Denny's on December 15 and denying he knew of any officers who visit the restaurant while on duty. Delapenia reaffirmed his statement when interviewed on January 5, 2009, by an investigator for the Office of the Inspector General ("Inspector General"). The agency contended that Delapenia's statements were knowing falsifications and thus grounds for removal. Delapenia was issued a notice of proposed removal on April 27, 2009, for misuse of a government vehicle and falsification. On June 3, 2009, Delapenia resigned pursuant to a Memorandum of Agreement under which he agreed that his resignation was voluntary and waived his right to appeal. The agency agreed that "neither Mr. Delapenia's SF-50 nor his Official Personnel Folder will indicate that he is in possession of a notice of proposed removal, and his SF-50 will state that he resigned for personal reasons." Resp't's App. 22.

Despite this agreement, Delapenia filed an appeal to the Board. Delapenia contended that his resignation was involuntary due to acts of coercion and misrepresentation by the agency. Finding that Delapenia failed to make a non-frivolous allegation of involuntariness, the administrative judge ("AJ") declined to grant an evidentiary hearing and dismissed the case for lack of jurisdiction. *Delapenia v. Dep't of the Navy*, No. SF0752090980-I-1, slip op. at 3-6 (M.S.P.B. Dec. 10, 2009) ("*Initial Decision*"). The Board denied Delapenia's petition for review, and the AJ's decision became the final decision of the Board. In denying review, the full Board nonetheless addressed the merits of Delapenia's arguments. *Final Decision*, at 2 n.*. Delapenia timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Voluntary resignations are beyond the Board's jurisdiction, *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322,

1328 (Fed. Cir. 2006) (en banc), but the Board has jurisdiction when a resignation was "involuntary and thus tantamount to forced removal." *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1341 (Fed. Cir. 2001). To be entitled to a hearing, Delapenia was required to make a non-frivolous allegation that his resignation was involuntarily because it resulted from the agency's (1) misrepresentations, or (2) coercion. *Terban v. Dep't of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000). Delapenia was also required to support these allegations with evidence, as "[n]on-frivolous allegations cannot be supported by unsubstantiated speculation in a pleading submitted by petitioner." *Khan v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008) (quoting *Dorrall v. Dep't of the Army*, 301 F.3d 1375, 1380 (Fed. Cir. 2002), *overruled on other grounds by Garcia*, 437 F.3d at 1322). We review de novo whether an appellant has made non-frivolous allegations of fact sufficient to establish Board jurisdiction. *Coradeschi v. Dep't of Homeland Sec.*, 439 F.3d 1329, 1331 (Fed. Cir. 2006).

Delapenia contends he made a non-frivolous allegation that the agency knew or should have known it lacked substantiation for its falsification charge; he asserts there was no evidence that he made false statements knowingly or intentionally. A threat of adverse action is coercive if the agency knows or should know that it cannot be substantiated. *Schultz v. U.S. Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987). Delapenia's argument is unsupported. "In establishing an employee's intention to deceive or mislead the agency, circumstantial evidence may be considered." *Kumferman v. Dep't of the Navy*, 785 F.2d 286, 290 (Fed. Cir. 1986). Delapenia executed a sworn statement on December 20 in which he falsely denied going to Denny's on December 15, even though there was surveillance footage to the contrary. The short time between the event and his statement is strong circum-

stantial evidence from which the agency could have reasonably concluded that Delapenia's falsity was intentional. Moreover, even if he was mistaken as to which night he was at the restaurant, the agency could have reasonably found that Delapenia was knowingly untruthful when, despite visiting Denny's with other officers five days prior, he claimed to not "have any knowledge of who may go there on duty." Resp't's App. 17. Similarly, circumstantial evidence supports the agency's finding that Delapenia was knowingly untruthful when he told an Inspector General investigator on January 5—less than a month after the incident—that the last time he visited Denny's in a patrol car was "a long time ago when I was in the FTO program." Intervenor's App. 37. Thus, the Board did not err in determining that Delapenia failed to present a non-frivolous allegation that the agency lacked a reasonable basis for a removal action based on the falsification charge.

Delapenia next argues the Board improperly relied on his false statement because he was coerced into responding by the threat of removal for not cooperating. This same claim was rejected in *LaChance v. Erickson*, 522 U.S. 262 (1998). The Supreme Court held in *LaChance* that a federal agency may sanction an employee for making false statements to investigators regarding employment-related misconduct, because employees "may decline to answer the question[s], or answer [them] honestly, but [they] cannot with impunity knowingly and willfully answer with a falsehood." *Id.* at 265, 268 (citation omitted). Delapenia had a choice—he could (1) not answer, (2) answer truthfully, or (3) answer untruthfully. That Delapenia might have faced termination if he failed to answer is irrelevant, because having chosen to answer, *LaChance* required him to answer truthfully. If Delapenia believed the agency could not properly compel him to

answer, he could have raised this issue by declining to answer.

For the first time on appeal, Delapenia argues his resignation was involuntary because the agency failed to inform him of his right to appeal a removal action to the Board. Even if the issue had been properly raised, the agency had no duty to inform Delapenia of a right to appeal because it had not yet taken adverse action against him, and an appeal is available only to employees "against whom an action is taken." 5 U.S.C. § 7513(d). Similarly, 5 C.F.R. § 752.404(f) (2009) only required the agency to provide notice of appeal rights "at or before the time the action will be effective." Since Delapenia resigned before being terminated, there was no requirement that he be notified of appeal rights. Moreover, in signing the Memorandum of Agreement which waived his appeal rights, Delapenia was in fact placed on notice that an appeal process existed.

Finally, Delapenia contends the agency misrepresented its authority to provide him with a clean record, because (1) the agency was required to retain his notice of proposed removal pursuant to 5 U.S.C. § 7513(e), 5 C.F.R. § 752.606, and the Office of Personnel Management Guide to Processing Personnel Actions 31-5; (2) the agency in fact retained his notice of proposed removal, which it provided to the Board; and (3) he has since applied for numerous federal jobs without success. Even if this issue had been properly raised, nothing in the Memorandum of Agreement required the agency to destroy the notice of proposed removal; it merely required that "neither Mr. Delapenia's SF-50 nor his Official Personnel Folder will indicate that he is in possession of a notice of proposed removal, and his SF-50 will state that he resigned for personal reasons." Resp't's App. 22. The agency listed the reason for resignation as personal on his SF-50, and

Delapenia has presented no evidence that the agency retained the notice of proposed removal in his Official Personnel Folder, and not some other file. There has been no showing that the agency lacked authority to enter into the settlement or that it violated the terms of the agreement.

Because Delapenia failed to make a non-frivolous allegation that his resignation was involuntary, the Board did not err in finding it lacked jurisdiction over his appeal.

## AFFIRMED

### COSTS

No costs.