[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15142
Non-Argument Calendar
_____

D.C. Docket Nos. 1:11-cv-03442-JEC; 11-bkc-72407-CRM


In re: TERRENCE OWENS,

                                                                        Debtor,

_____

TERRENCE OWENS,

                                                                        Plaintiff - Appellant,

                                    versus

GMAC MORTGAGE, LLC,
as Servicer for US Bank National Association
as Trustee for Ramp 2005EFC1,

                                                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 29, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Terrence Owens, proceeding *pro se*, appeals the district court's order affirming the bankruptcy court's grant of relief from the automatic stay and grant of *in rem* relief to GMAC Mortgage, LLC (GMAC).  After thorough review, we affirm.

Owens filed for Chapter 13 bankruptcy in 2011.  The filing automatically stayed collection on Owens's outstanding debt, including a stay of foreclosure proceedings on a home owned by Owens.  GMAC, the servicer for Owens's mortgage holder, moved for relief from the stay and for *in rem* relief on the home in order to begin state-court foreclosure proceedings.  The bankruptcy court held a hearing on the matter and subsequently issued an order granting GMAC both forms of relief for "reasons stated on the record in open court."  Owens appealed to the district court, but did not request a transcript of the bankruptcy court hearing.  The district court affirmed the bankruptcy court's decision, GMAC foreclosed, and Owens now appeals.[1]

Owens asserts that the bankruptcy court erred in granting both *in rem* relief and relief from the automatic stay.  "If the appellant intends to urge on appeal that

---

[1] Although Owens contends on appeal that the bankruptcy court lacked jurisdiction to grant GMAC relief from the automatic stay, the bankruptcy court clearly had statutory authority to do so.  *See* 28 U.S.C. §§ 157(b)(1), (b)(2)(G).

2

a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. P. 10(b)(2). When a *pro se* litigant's failure to do so prevents effective review of the trial court's decision, we must affirm. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). The bankruptcy court granted relief "[f]or the reasons stated on the record in open court." Yet Owens did not provide either the district court or our court a transcript of the bankruptcy court proceedings. We therefore cannot meaningfully review the bankruptcy court's decision and we must affirm.[2] *See id.*

Owens also contends the bankruptcy court's hearing did not afford him adequate due process. "The core of due process is the right to notice and a meaningful opportunity to be heard." *LaChance v. Erickson*, 522 U.S. 262, 266 (1998). Without a transcript of the proceedings, however, we cannot evaluate whether Owens had a meaningful opportunity to be heard. Because the burden of furnishing a transcript for appellate review rests with Owens and he has failed to comply with this obligation, we must affirm the district court's conclusion that his due process rights were not violated. *See Loren*, 309 F.3d at 1304.

---

[2] Owens also argues that GMAC illegally foreclosed because it did not have an interest in the property. But the bankruptcy court necessarily determined that GMAC had an interest in the property when it granted GMAC relief from the automatic stay. *See* 11 U.S.C. § 362(d) (providing that only "a party in interest" can request relief from an automatic stay). Because, as discussed above, Owens has not provided the transcript necessary to meaningfully review that decision, this argument fails.

For the foregoing reasons, the district court's order affirming the bankruptcy court's decision is

**AFFIRMED.**