BASSETT, J., dissenting.
I dissent because I believe that the majority errs by affirming the Trial Court (Cassavechia, J.) on an alternate ground that the trial court did not reach and that the parties have not briefed. Because the majority affirms on a ground not reached by the trial court or briefed on appeal by the parties, and because the court's opinion could have far-reaching, unintended consequences for trust and fiduciary law in New Hampshire, I would vacate and remand to the trial court. This approach would give the trial court the opportunity to address, in the first instance: (1) the circumstances under which a trustee violates the duty of impartiality when the trustee unequally distributes trust assets and/or eliminates a beneficiary's future interest in an irrevocable trust by decanting; and (2) whether the defendants, Alan Johnson, Joseph McDonald, and William Saturley, violated that duty when they *100 eliminated the future beneficial interests of the plaintiffs, David A. Hodges, Jr., Barry R. Sanborn, and Patricia Sanborn Hodges, through decanting, while retaining two of the settlor's children as beneficiaries. At the absolute minimum, I would have this court, as it does on occasion, direct the parties to file supplemental briefs addressing these issues.
The trial court's ruling is relatively straight-forward. The trial court voided the decantings because it found that the defendants accomplished them without considering "the interests of the beneficiaries" as required by RSA 564-B:8-801 (2007) (providing that "the trustee shall administer ... the trust and distribute the trust property in good faith, in accordance with its terms and purposes and the interests of the beneficiaries, and in accordance with this chapter"). The court reasoned that, to consider those interests, the defendants had to give "due regard for the diverse beneficial interests created by the terms of the trust." (Quotation omitted.) The court ruled that giving "due regard" to those interests in the instant case required the defendants to "consider the effect of the decantings at issue on the [plaintiffs'] interests as beneficiaries," specifically to their financial interests, and to adjust "the structure of the decanting or choice of the method with which the beneficial interests might be permissibly modified." The trial court found the decantings to be improper because, although the defendants gave "consideration to the terms and business purposes of the 2004 Trusts, [they] did not undertake and complete the other task required by law, namely, to give due consideration to the [plaintiffs'] ... interests."
The majority concludes that the trial court erred when it "mistakenly construed the phrase 'interests of the beneficiaries' to impose the same duty upon a trustee as the statutory and common law duty of impartiality impose." The majority explains that the phrase "interests of the beneficiaries" as used in RSA 564-B:8-801 is statutorily defined, see RSA 564-B:1-103(7) (2007), and does not, in fact, refer either to the statutory duty of impartiality set forth in RSA 564-B:8-803 (2007), or to the common law duty of impartiality. I agree with the majority that, in so ruling, the trial court erred.
The majority then uses what is essentially a harmless error analysis to say that the trial court's error is immaterial because the statutory duty of impartiality is incorporated by reference in RSA 564-B:8-801. The majority states that the trial court made a "determination" that the defendants violated the statutory duty of impartiality by failing to give any consideration to the beneficiaries' interests. The majority then concludes that the trial court's ruling is supported by the evidence and is not plainly erroneous as a matter of law. It is here that I part ways with the majority: I do not believe that the trial court's error was harmless.
I find the majority's approach problematic for several reasons. First, I believe that the majority misconstrues the trial court's order. The trial court differentiated between the duty of impartiality and the duty to consider the interests of the beneficiaries, explaining that "certain duties like prudence and impartiality are 'default rules' that may be modified by a settlor," while "trust terms may not altogether dispense with the fundamental requirement that trustees ... behave ... in a manner consistent with ... the interests of the beneficiaries." (Quotation omitted.) The trial court recognized that there is an important distinction between the statutory duty of impartiality, see RSA 564-B:8-803, on the one hand, and the duties imposed by RSA 564-B:8-801, on the other hand.
*101 As the trial court observed, the duty of impartiality under RSA 564-B:8-803 can be modified, while the duties under RSA 564-B:8-801 cannot. Indeed, the trial court explained, "the decanting statute, by specifically reserving a trustee's continuing duty under RSA 564-B:8-801, see RSA 564-B:4-418(e)..., directly recognizes" the "overarching significance" of the duties set forth in RSA 564-B:8-801. Thus, I disagree with the majority that the trial court concluded that the defendants violated the statutory duty of impartiality. Had the trial court so concluded, it would have so stated.
The majority compounds its error by addressing an argument that the parties did not brief on appeal-the circumstances under which making unequal distributions among beneficiaries and/or eliminating the future interests of a beneficiary by decanting an irrevocable trust violate the statutory duty of impartiality. "The core of due process is the right to notice and a meaningful opportunity to be heard." Lachance v. Erickson, 522 U.S. 262, 266, 118 S.Ct. 753, 139 L.Ed.2d 695 (1998). "[D]ue process interests are implicated when a court recasts the questions presented and decides a case on issues not discussed by the parties without remanding or providing an opportunity for briefing." Barry A. Miller, Sua Sponte Appellate Rulings: When Courts Deprive Litigants of an Opportunity to be Heard, 39 San Diego L. Rev. 1253, 1260 (2002). I believe that it is fundamentally unfair to the parties and their counsel "to decide cases on issues where the parties had no opportunity to introduce evidence or make their best arguments." Id. at 1266.
Deciding issues that have not been briefed undermines our adversary process and increases the possibility that we will err. Our "adversary process functions most effectively when we rely on the initiative of lawyers, rather than the activism of judges to fashion the questions for review." Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 195 n.4, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994) (Stevens, J., dissenting) (quotations omitted). "The adversary system is based on the premise that allowing the parties to address the court on the decisive issue increases the accuracy of the decision." Miller, supra at 1260. Doing so also "increases the parties' sense that the court's process and result are fair." Id.
The possibility-indeed the virtual certainty-of unintended and unknown consequences of deciding this important issue of first impression should cause the court to proceed with extreme caution. This court has not had occasion to consider the interaction between New Hampshire's decanting statute and the fiduciary duties of a trustee, including the duty of impartiality. Indeed, "[b]ecause of the relatively recent increase in the popularity of trust decanting, few, if any, cases exist that clarify a trustee's fiduciary duties in the context of decanting or the extent to which he may (or should) exercise discretion to decant." Ivan Taback & David Pratt, When the Rubber Meets the Road: A Discussion Regarding a Trustee's Exercise of Discretion, 49 Real Prop. Tr. & Est. L.J. 491, 518 (2015) ; see Alan Newman, Trust Law in the Twenty-First Century: Challenges to Fiduciary Accountability, 29 Quinnipiac Prob. L.J. 261, 291, 292 (2016) (observing that "[t]here is very little case law on trust decanting," particularly case law analyzing "the extent to which traditional fiduciary duties ... limit the remarkably broad powers to decant that many state legislatures have granted to trustees"). Commentators have correctly observed that "[p]resumably, the most problematic decantings will be those that alter beneficiaries' interests," such as the decantings at issue in this case. Newman, supra at 292.
*102 In my view, the majority undermines the goal of the legislature when it revamped the trust and fiduciary laws: to make New Hampshire "the best and most attractive legal environment in the nation for trusts and fiduciary services." Laws 2008, 374:1. This decision does precisely the opposite: it makes New Hampshire a less attractive legal environment for settlors. We should tread with particular care in this area of law, deciding important issues of first impression only after they have been addressed by the trial court and fully briefed by the parties on appeal.
Finally, not only am I uncomfortable with the majority's willingness to decide these issues without full briefing, but I disagree with the substance of its decision. Even assuming that, as the majority decides, "a trustee, who makes unequal distributions among beneficiaries and/or eliminates a beneficiary's non-vested interest in an irrevocable trust through decanting, violates the statutory duty of impartiality only when the trustee fails to treat the beneficiaries equitably in light of the purposes and terms of the trust," I cannot, without the benefit of briefing by the parties and developed analysis by the trial court, conclude that the trustees' actions violated the statutory duty of impartiality. (Quotation omitted). The trial court determined that the trusts' primary purpose is to "hold family business assets and provide for continuation of the family business after the death of its founder." The majority reads "[a]nother evident purpose" into the trust documents, namely "to support the beneficiaries," and then concludes that the trustees violated the duty of impartiality by not considering that specific purpose. I cannot agree with this expansive interpretation of the settlor's purpose. Notably, eliminating the plaintiffs' future beneficial interests through decanting, while retaining two of the original beneficiaries, is entirely consistent with the primary purpose of the trusts as found by the trial court.
For these reasons, I respectfully dissent. I would vacate the trial court's order and remand to the trial court for full development of the legal arguments regarding the circumstances under which a trustee violates the duty of impartiality by making unequal distributions and/or eliminates a beneficiary's future interest in an irrevocable trust through decanting, and whether the defendants breached that duty. The trial court would then undertake further fact-finding as necessary. I also would vacate the trial court's decision to remove Saturley and Johnson as co-trustees.