NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LUTHER BEBLEY, III,**
*Petitioner*

v.

**DEPARTMENT OF THE AIR FORCE,**
*Respondent*

---

2018-2221

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-17-0349-I-1.

---

Decided: August 2, 2019

---

ROBERT CHRIS PITTARD, Pittard Law Firm, San Antonio, TX, argued for petitioner.

DAVID MICHAEL KERR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by JOSEPH H. HUNT, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.

---

Before DYK, REYNA, and TARANTO, *Circuit Judges.*

REYNA, *Circuit Judge.*

Mr. Luther Bebley, III appeals a decision of the Merit Systems Protection Board sustaining his removal by the Department of the Air Force. The Board affirmed Mr. Bebley's removal based on a charge of conduct unbecoming a federal employee. Because the Board's decision is supported by substantial evidence and Mr. Bebley's procedural due process claim was waived, we *affirm*.

BACKGROUND

Mr. Bebley was employed by the Department of the Air Force ("Air Force") as an Information (Network) Specialist at Joint Base San Antonio, Texas. On May 11, 2016, Mr. Bebley met with his supervisor to discuss work-related matters. During the meeting, Mr. Bebley became agitated and shouted obscenities at his supervisor for several minutes. Three coworkers in a different office overheard Mr. Bebley's shouting. One coworker intervened and escorted Mr. Bebley out of the supervisor's office. Mr. Bebley continued to be agitated and attempted to return to the supervisor's office. The supervisor contacted the military base police.

The military police investigated the incident and issued a Report of Investigation ("ROI"). The ROI contained witness statements and twenty-one attached exhibits. ROI Exhibit 21 is a printout of Mr. Bebley's criminal history.

On September 26, 2016, the Air Force issued a notice of proposed removal, charging Mr. Bebley with conduct unbecoming a federal employee based on the events described above. This notice indicated that the proposing official considered the factual allegations, witness statements from the ROI, and several policy documents. The notice did not mention ROI Exhibit 21. Mr. Bebley submitted oral and written responses to the proposed removal. On February 15, 2017, the deciding official issued a notice of additional information. In this notice, the deciding official

stated that he would consider three additional documents in making his decision: ROI Exhibits 13 and 20, and an investigative report detailing Mr. Bebley's past allegations of unfair treatment and hostile work environment. On March 8, 2017, Mr. Bebley met with the deciding official and responded to the notice of additional information.

On May 9, 2017, the Air Force sustained the charge against Mr. Bebley and issued a notice of decision to remove him. The deciding official noted that his decision was based on the reasons and evidence identified in the notice of proposed removal, the notice of additional information, and Mr. Bebley's written responses.

On June 2, 2017, Mr. Bebley appealed his removal to the Merit Systems Protection Board ("Board"). The Air Force filed a response on June 26, 2017, and attached a redacted version of the ROI. Although the redacted ROI did not include Exhibit 21, the redacted ROI referenced Exhibit 21 and stated that Exhibit 21 contained Mr. Bebley's criminal history. The Air Force alleges that it provided an unredacted version of the ROI with Exhibit 21 to Mr. Bebley in discovery, although Mr. Bebley disputes this allegation. Appellee's Br. 8–9; Appellant's Br. 18, 21.

At the prehearing conference, Mr. Bebley's counsel inquired about the Air Force's omission of ROI Exhibit 21 from its response. Mr. Bebley's counsel further objected to the Air Force's use of ROI Exhibit 21 at the hearing as "prejudicial and not relevant." S. App'x 26. Mr. Bebley's counsel, however, did not request an unredacted copy of the ROI with Exhibit 21.

On March 21, 2018, a hearing was held before an administrative judge ("AJ"). During the hearing, Mr. Bebley's counsel requested that ROI Exhibit 21 be made part of the record. The AJ granted this request, leaving the evidentiary record open for seven days after the hearing to permit the Air Force to submit ROI Exhibit 21. App'x 2 n.1. Several of Mr. Bebley's coworkers, the

supervisor, and the Air Force deciding official testified at the hearing. App'x 2–9. Mr. Bebley's counsel did not question the deciding official about what information the official considered in his penalty determination, including whether he considered ROI Exhibit 21, although counsel had "ample opportunity" to do so. App'x 2 n.1.

On March 27, 2018, the Air Force submitted ROI Exhibit 21 into the record. App'x 36–37; S. App'x 21. The following day, Mr. Bebley filed a declaration with the Board, stating that he had never previously seen ROI Exhibit 21 and attempting to explain each incident detailed in ROI Exhibit 21. App'x 45–46. The Air Force moved to strike Mr. Bebley's declaration. S. App'x 21–22.

On April 18, 2018, the AJ ordered the record reopened for the sole purpose of permitting the Air Force to supplement the record with Mr. Bebley's March 8, 2017 reply to the notice of additional information. The AJ's order stated that "[n]o further evidence or argument will be considered unless shown to be new and material evidence not available before the close of [the] record." App'x 52.

On May 2, 2018, the AJ issued an initial decision, sustaining Mr. Bebley's removal. The AJ credited the testimony of Mr. Bebley's coworkers and his supervisor, finding it to be credible and consistent, and determined that the Air Force had proven by a preponderance of the evidence the charge of conduct unbecoming a federal employee. App'x 7–9. With respect to ROI Exhibit 21, the AJ determined that there was "no record evidence that the deciding official considered the appellant's criminal history or that [Mr. Bebley's] due process rights were violated." App'x 2 n.1. Despite finding that Mr. Bebley's declaration did "not impact the outcome of this appeal," the AJ denied the Air Force's motion to strike the declaration. App'x 3 n.1. The initial decision became final on June 6, 2018. Appellant's Br. 11. Mr. Bebley timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

This court will affirm the Board's final decision unless it was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Einboden v. Dep't of Navy*, 802 F.3d 1321, 1324 (Fed. Cir. 2015). A factual finding is supported by substantial evidence if a reasonable mind might accept the evidence as adequate to support the finding. *Snyder v. Dep't of Navy*, 854 F.3d 1366, 1372 (Fed. Cir. 2017). Additionally, this court will set aside any Board decision inconsistent with the Due Process Clause of the Fifth Amendment. *Stone v. F.D.I.C.*, 179 F.3d 1368, 1374 (Fed. Circ. 1999).

Mr. Bebley argues that the AJ's decision sustaining his removal is unsupported by substantial evidence. Appellant's Br. 27–29. Mr. Bebley also argues that his due process rights were violated because the deciding official considered new and material information in the form of Mr. Bebley's criminal history set out in ROI Exhibit 21 without giving Mr. Bebley notice and an opportunity to respond. Appellant's Br. 14–22. We address each argument in turn.

I. Mr. Bebley's Removal

Mr. Bebley argues that the AJ's decision sustaining his removal is unsupported by substantial evidence because the AJ gave too much weight to the credibility of Mr. Bebley's supervisor and other witnesses that testified against Mr. Bebley. Appellant's Br. 28. Mr. Bebley contends that those witness accounts were less credible than his own testimony because of retaliation Mr. Bebley was experiencing in response to his past complaints against the supervisor. *Id.* Mr. Bebley further contends that the AJ erred by not considering evidence of mitigating circumstances presented by Mr. Bebley. *Id.* at 29.

We conclude that substantial evidence supports the AJ's decision to sustain Mr. Bebley's removal. The AJ found that the testimony of Mr. Bebley's supervisor was "credible and persuasive." App'x 7. The AJ further found that the testimony of three of Mr. Bebley's coworkers "was consistent" with the supervisor's account. App'x 8. The AJ found that, by contrast, Mr. Bebley's testimony was uncorroborated and provided no basis for discrediting the supervisor's testimony. *Id.* Additionally, the AJ found that Mr. Bebley admitted that his conduct was "unprofessional," that his voice was raised, that he used profanity, and that he called his supervisor a "coward." App'x 7, 9. These findings are sufficient to support Mr. Bebley's removal. Mr. Bebley essentially asks us to reassess the credibility of witnesses and to reweigh conflicting evidence presented at the hearing, but that is not the role of this court. Witness credibility determinations are virtually unreviewable on appeal. *Bieber v. Dep't of Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002). We do not reweigh the evidence before the Board. *McMillan v. Dep't of Justice*, 812 F.3d 1364, 1371 (Fed. Cir. 2016).

## II. Due Process

Mr. Bebley argues that his procedural due process rights were violated by the Air Force's failure to produce ROI Exhibit 21 during his removal proceedings, and by the AJ's failure to reopen the record and reconvene the hearing once the Air Force submitted ROI Exhibit 21 into the record. Mr. Bebley contends these purported failures deprived him of an opportunity to respond to his criminal history set out in ROI Exhibit 21.

Notice and an opportunity to be heard are fundamental requirements of due process. *LaChance v. Erickson*, 522 U.S. 262, 266 (1998) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)). The Supreme Court has explained that prior to termination, a "tenured public employee is entitled to oral or written notice of the charges

against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.* These due process guarantees are undermined if a public employee receives notice of only a portion of the employer's evidence, and the deciding official considers new and material information in making his removal decision. *Stone*, 179 F.3d at 1376.

We need not decide whether Mr. Bebley was afforded sufficient notice of ROI Exhibit 21 and an opportunity to respond to the deciding official about its contents, because Mr. Bebley waived his due process argument.

The record indicates that Mr. Bebley was aware that ROI Exhibit 21 contained his criminal history at least as early as the filing date of the Air Force's response to Mr. Bebley's appeal to the Board. *See* App'x 35–36; S. App'x 1, 7, 14. Mr. Bebley nonetheless failed to request an unredacted copy of the ROI with Exhibit 21 until the hearing. App'x 2 n.1, 37; S. App'x 26. The record also indicates that Mr. Bebley had "ample opportunity" to question the deciding official during the hearing about what evidence the official considered in his penalty determination, but did not do so. App'x 2 n.1. Lastly, Mr. Bebley concedes that after the Air Force entered ROI Exhibit 21 into the record subsequent to the hearing, he failed to request that the AJ reopen the hearing to allow Mr. Bebley to question the deciding official about whether the official relied on ROI Exhibit 21. Appellant's Supp. Br. 2.

Mr. Bebley argues that ROI Exhibit 21 was newly discovered evidence, and his declaration addressing that exhibit constituted "a de facto request to reopen the record." *Id.* at 4; Appellant's Br. 24. Nothing in the declaration, however, demonstrates Mr. Bebley's desire to reopen the record to question the deciding official about ROI Exhibit 21. Rather, Mr. Bebley stated that the purpose of the declaration was to address each incident of criminal activity described in his criminal history set out in ROI

Exhibit 21.  App'x 45.  The AJ considered Mr. Bebley's declaration and made it part of the record, which was all the AJ was bound to do in this case.

Mr. Bebley further argues that the AJ should have *sua sponte* reopened the record, pointing to the AJ's discretion to do so in the face of newly discovered evidence.  Appellant's Br. 26.  As Mr. Bebley recognizes, however, that power is discretionary.  Additionally, Mr. Bebley was on notice that the AJ would not *sua sponte* reopen the record to address ROI Exhibit 21, because the AJ already reopened the record solely for a different purpose: to permit the Air Force to submit Mr. Bebley's response to the deciding official's notice of additional information.  App'x 52.  The order reopening the record explicitly stated that "[n]o further evidence or argument will be considered unless shown to be new and material evidence not available before the close of [the] record."  *Id.*  Thus, Mr. Bebley should have been aware that the onus was on him to demonstrate that ROI Exhibit 21 was new and material evidence and to move to reopen the record if he desired to question the deciding official about that exhibit.  We conclude that on this record, the AJ did not abuse her discretion by not reopening the hearing or the record.

## CONCLUSION

We have considered Mr. Bebley's remaining arguments and find them unpersuasive.  Accordingly, we affirm the Board's decision sustaining Mr. Bebley's removal.

## **AFFIRMED**

## COSTS

No costs.