**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SHANE FAIFERLICK, | DOCKET NUMBER |
| Appellant, | SF-0752-20-0401-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE, | DATE: August 9, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joshua L. Klinger, Esquire, Denver, Colorado, for the appellant.

Adam W. Boyer and Lynn Stoppy, Kansas City, Kansas, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his removal from Federal service. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the agency did not commit harmful procedural error, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was formerly employed by the Bureau of Prisons as a Maintenance Worker Supervisor until the agency removed him based on charges of off-duty misconduct, failure to report a misdemeanor arrest, and providing inaccurate information during an official investigation. Initial Appeal File (IAF), Tab 6 at 21-24, 29-32, Tab 8 at 4. The appellant appealed and asserted that the agency could not prove the specifications, the penalty of removal was too harsh, and the agency violated his due process rights. IAF, Tab 1 at 4, Tab 15. Specifically, the appellant argued that the agency violated his due process rights when the deciding official considered two documents not provided to the appellant with the notice of proposed removal—the Standards of Employee Conduct and the agency's table of penalties incorporated therein—and when the deciding official considered the factors enumerated in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981), without prior notice. IAF, Tab 15. After a hearing, the administrative judge issued an initial decision, which sustained two of the three charges, rejected the due process affirmative defense,

and affirmed the appellant's removal. IAF, Tab 19, Initial Decision (ID) at 7-15, 21.[2] The appellant has filed a petition for review challenging the administrative judge's denial of the due process defense, and the agency has filed a response. Petition for Review (PFR) File, Tabs 3, 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant contends that the administrative judge erred in finding that the agency did not violate his due process rights because he was on notice that the deciding official would consider the Standards of Employee Conduct and the table of penalties incorporated therein, and he was on notice and had an opportunity to respond to the information used by the deciding official in weighing the *Douglas* factors in reaching a decision on the removal action. PFR File, Tab 3; ID at 11-15.

"The core of due process is the right of notice and a meaningful opportunity to be heard." *LaChance v. Erickson*, 522 U.S. 262, 266 (1998). The Board has held that an agency's failure to provide a nonprobationary Federal employee with prior notice and an opportunity to present a response to an appealable agency action deprives him of his property right in his employment and constitutes an abridgment of his constitutional right to minimum due process of law. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 680-81 (1991). A deciding official may not consider new and material information that the appellant was not aware would be taken into consideration in connection with the charges or the penalty. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1280 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377 (Fed. Cir. 1999). In determining whether a deciding official's consideration of information violates due process, the question is whether the information is "so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances."

---

[2] The administrative judge found that the agency failed to prove the charge of failure to report a misdemeanor arrest. ID at 8-10.

*Stone*, 179 F.3d at 1377. When such a due process violation has occurred, the violation is not subject to the "harmless error test," and the appellant is entitled to a new constitutionally correct administrative procedure. *Id.*

We first address the appellant's argument that the agency violated his due process rights when the deciding official considered the Standards of Employee Conduct, including the agency's table of penalties, in reaching his decision to remove the appellant without providing a copy of the document in the evidence file with the proposed removal. PFR File, Tab 3 at 6, 8-9. The Standards of Employee Conduct is a document that outlines the behavioral expectations of agency employees and includes recommended penalties for misconduct. IAF, Tab 6 at 87-120. The appellant acknowledged receipt of this document upon his hire. *Id.* at 86. We agree with the administrative judge that the appellant was on notice that the Standards of Employee Conduct and the incorporated table of penalties would be considered in his removal action because the document is referenced four times in the notice of proposed removal. *Id.* at 29-32; ID at 13. Further, the notice of proposed removal quotes the standards of conduct that the agency alleged the appellant violated under each charge, and the appellant responded to each of those charges in his response. IAF, Tab 6 at 25-27; 29-31; *see Coppola v. U.S. Postal Service*, 47 M.S.P.R. 307, 312 (1991) (holding that when an appellant comes forward and refutes a charge made against him, the Board cannot find that he was not on notice of the charge).

Regarding the table of penalties, the appellant argues on review that *Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161 (2012), requires the agency to notify the appellant which charges in the table of penalties it would consider, and its failure to do so violated the appellant's due process rights. PFR File, Tab 3 at 9. We disagree. In *Jenkins*, the Board found a due process violation when the deciding official considered the range of penalties in the agency's table of penalties for charges other than those listed in the notice of proposed removal. *Jenkins*, 118 M.S.P.R. 161, ¶ 12. That is not the case here.

The appellant was informed that removal was being proposed based on three violations of the Standards of Employee Conduct, and the deciding official testified that he considered the range of penalties for those charges only. IAF, Tab 6 at 29-32, Tab 17, Hearing Record (testimony of deciding official). Consideration of consistency of the penalty with the agency's table of penalties is not an aggravating factor that would require advance notice. *See Harding v. U.S. Naval Academy*, 567 F. App'x 920, 925 (Fed. Cir. 2014)[3] (holding that consistency of the penalty with other decisions was not used as an aggravating factor and thus due process did not require that an employee be given advance notice). We find that consideration of documents that are referenced and quoted in the notice of proposed removal is not "so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances," and thus, we find no due process violation. *Stone*, 179 F.3d at 1377.

Finally, the appellant argues on review that the deciding official's consideration of the *Douglas* factors "not listed in the evidence file" constitutes a due process violation because the appellant did not know the deciding official would consider this "new information." PFR File, Tab 3 at 8. We disagree. Although a deciding official's consideration of aggravating factors as a basis for the imposition of a penalty could constitute a due process violation, the appellant does not argue, and we do not find, that the deciding official considered aggravating factors that were not contained in the notice of proposed removal. *See Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 5 (2011). We agree with the administrative judge that the facts and evidence the deciding official considered in weighing the *Douglas* factors were listed in the notice of proposed removal and the appellant had the opportunity to respond to those facts in his written and oral responses. ID at 15; IAF, Tab 6 at 25-32. An appellant is not

---

[3] The Board may rely on unpublished decisions from the U.S. Court of Appeals for the Federal Circuit to the extent the Board finds the reasoning persuasive, as we do here. *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 10 n.1 (2016).

entitled to know in advance the particular weight the deciding official may attach to certain facts. *Wilson v. Department of Homeland Security*, 120 M.S.P.R. 686, ¶ 12 (2014), *aff'd,* 595 F. App'x 995 (Fed. Cir. 2015). Thus, the deciding official's weighing of the *Douglas* factors did not violate the appellant's due process rights.

Although we find no constitutional violation, we still must consider whether the agency committed harmful procedural error. *Stone*, 179 F.3d. at 1377-78 (stating that, in addition to the protections afforded by the Constitution, public employees also are entitled to whatever other procedural protections are afforded them by statute, regulation, or agency procedure). Although an agency is required to state the reasons for a proposed adverse action in sufficient detail to allow the employee to make an informed reply, the charge must be viewed in light of the accompanying specifications and circumstances, and should not be technically construed. *Spearman v. U.S. Postal Service*, 44 M.S.P.R. 135, 139 (1990). As we explained above, the notice of proposed removal provided sufficient details regarding the charges and aggravating factors for the appellant to have made an informed reply, and we therefore find no harmful procedural error.

Therefore, we deny the petition for review and affirm the initial decision as expressly modified.

**NOTICE OF APPEAL RIGHTS[4]**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.