Lawrence KALLOK, Father and Legal Representative of Ryan Kallok; Emily Kallok, Mother and Legal Representative of Ryan Kallok; Ryan Kallok, Minor, Plaintiffs,

Mark Steven COLUCCI, Appellant,

v.

BOARDMAN LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, Defendant–Appellee.

No. 00–3648.

United States Court of Appeals, Sixth Circuit.

Dec. 14, 2001.

Before KENNEDY, MOORE, and COLE, Circuit Judges.

Attorney Mark Steven Colucci appeals the award of Rule 11 sanctions against him for bringing a 42 U.S.C. § 1983 action against Boardman Local School District Board of Education ("Boardman"). A show cause letter was sent to the parties about Rule 34 referral and no objection was received. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

In the underlying civil rights case, plaintiffs Lawrence and Emily Kallok, parents and legal representatives of their son Ryan Kallok, a minor (collectively, the "Kalloks"), filed a two count complaint alleging that Boardman violated § 1983 by failing to supervise and control students in the school district who physically assaulted and verbally threatened Ryan Kallok. The Kalloks, who allegedly brought these matters to Boardman's attention, complained that the school district's neglect caused their son severe psychological trauma and eventually led him to phone-in several bomb threats to the school. Ryan was expelled as a result of the bomb threats. The second count in the Kalloks' complaint was a state law claim for intentional infliction of emotional distress. The district court granted Boardman's motion to dismiss. Citing *Soper v. Hoben,* 195 F.3d 845, 853 (6th Cir.1999), *cert. denied,* 530 U.S. 1262, 120 S.Ct. 2719, 147 L.Ed.2d 984 (2000), the court held, *inter alia,* that the Kalloks failed to state a claim under § 1983 because the persons who harmed Ryan Kallok were private actors, not governmental or school officials acting under color of state law pursuant to governmental or school policies. The court declined

to entertain jurisdiction over the Kalloks' state law claim. The Kalloks' appeal from the judgment of dismissal was dismissed for lack of prosecution. Thus, the merits of the civil rights case are not directly at issue in this appeal.

The district court subsequently imposed sanctions against the Kalloks' attorney, Mark Steven Colucci, in the amount of $1000 under Fed.R.Civ.P. 11 because Colucci failed to meet the minimal requirement of Rule 11 and failed to act reasonably under the circumstances. It is from this order that Colucci now appeals.

■■■ Rule 11 sanctions are appropriate when a court determines that an attorney's conduct is not "reasonable under the circumstances." *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir.1990). A good faith belief in the merits of a case is insufficient to avoid sanctions. *Id.* The district court retains jurisdiction to resolve collateral matters such as the imposition of sanctions, even after the underlying action has been appealed. *See Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 156 (6th Cir.1988). The court's decision to impose sanctions under Rule 11 is reviewed for an abuse of discretion on appeal. *See Vild v. Visconsi*, 956 F.2d 560, 570 (6th Cir.1992). Abuse of discretion is "a definite and firm conviction that the trial court committed a clear error of judgment." *Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 133 (6th Cir.1990) (internal quotation marks omitted). A court abuses its discretion when it relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard. *See Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995).

■■■ Upon review, we conclude that the district court did not abuse its discretion by imposing monetary sanctions in this case. The court properly found that Colucci failed to meet the minimal require-

ments of Rule 11 and failed to act reasonably under the circumstances. Colucci relied primarily on a case which was clearly inapposite, and then gave short shrift to a case that was directly on point. As correctly pointed out by the district court, when a controlling case such as *Soper* bars the relief a plaintiff is requesting, the plaintiff's counsel has the minimal responsibility to offer some argument as to why the case should not apply or its rule should be abandoned. No such argument was offered here, and, as pointed out by the district court, the result was that both the district court and Boardman wasted precious resources in considering a frivolous pleading.

Accordingly, the district court's order awarding sanctions is affirmed.