NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0325n.06

No. 20-5567

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Aug 09, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| NEW LONDON TOBACCO MARKET, INC.; FIVEMILE ENERGY, LLC, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) ) | |
| KENTUCKY FUEL CORPORATION; JAMES C. JUSTICE COMPANIES, INC., | ) ) | OPINION |
| Defendants, | ) ) | |
| THE GETTY LAW GROUP, PLLC; RICHARD A. GETTY, | ) ) ) | |
| Interested Parties-Appellants. | ) ) ) | |

Before:  BATCHELDER, STRANCH, and NALBANDIAN, Circuit Judges.

**NALBANDIAN, Circuit Judge.**  This appeal concerns sanctions that the district court awarded during the commercial dispute between Kentucky Fuel Corporation and its related entities ("KY Fuel" or "Defendants") and New London Tobacco Market and its related entities ("New London" or "Plaintiffs").[1]  The trial court sanctioned Defendants' lawyers, Getty Law Group and Richard A. Getty (individually and collectively, "Getty") for filing, near the end of the

---

[1] The underlying judgment and damages in this matter are the subjects of a separate appeal. *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, No. 20-5565 (6th Cir. Aug. 9, 2022).  A more detailed discussion of this case's facts may be found there as well.

proceedings, a motion for reconsideration that contained a due process argument that had no reasonable basis in law and fact. Getty now appeals. Finding no error, we **AFFIRM**.

## I.

Getty first appeared on behalf of Defendants in August 2018. (R.371 at PID#9716.) At that time, the parties were preparing for an evidentiary hearing. (Appellants' Br. at 7.) The district court had entered a default judgment against Defendants and directed the magistrate judge to determine the damages Plaintiffs would receive. (R.206; R.321.) That hearing lasted three days. (R.423; R.424; R.426.) On behalf of Defendants, Getty filed both a pre-hearing brief and a post-hearing brief. (R.395; R.432.) After the magistrate judge issued his recommended disposition—which recommended awarding the plaintiffs more than $55 million in damages (R.437)—Defendants filed objections, (R.444.) The district court reviewed the recommended disposition de novo, reducing the award in response to Defendants' objections. (R.445 at PID#11614–16.)

About a month after the district court's order, Getty filed a Rule 59(e) motion that restated Defendants' already-rejected arguments. (R.447-1.) The motion's thrust was that the district court's reliance on one of Plaintiffs' expert reports denied the Defendants due process. (*Id.* at PID#11625–37.) Bob Conway prepared the report in question. Conway had completed the original mining permit application for the property. This made him, in Plaintiff's opinion, "the person most knowledgeable about the Fivemile properties and their coal." (*See* R.437 at PID#11426.) Conway's report estimated that the land held more than 18 million tons of mineable coal and that KY Fuel's failure to mine it had cost New London $16,990,900. (R.40-6, Conway Royalty Report, at PID#371.)

Plaintiffs moved the district court to sanction Getty for this filing. (R.457.) They argued that the use of a Rule 59 motion to raise a new argument, to relitigate already rejected arguments,

or to unnecessarily delay and increase the cost of the proceedings was improper. (R.457 at PID#11921–25.) The district court agreed and denied the Rule 59 motion. (R.466.) The court then addressed "Plaintiffs' argument that [Getty] should be sanctioned for [Defendants] due process arguments concerning the Conway Report" and concluded that sanctions were appropriate.

## II.

We review a district court's imposition of sanctions under Federal Rule of Civil Procedure 11 for an abuse of discretion. *Vild v. Visconsi*, 956 F.2d 560, 570 (6th Cir. 1992) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 409 (1990)). This standard is appropriate "because of the district court's more intimate knowledge of the facts of these cases." *Id.* at 793 (citation and internal quotation marks omitted).

"A court abuses its discretion when it relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard." *Kollok v. Boardman Local Sch. Dist. Bd. of Educ.*, 24 F. App'x 496, 498 (6th Cir. 2001) (citing *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 2001)). District courts may sanction attorney conduct that is objectively unreasonable. *Montell v. Diversified Clinical Servs. Inc.*, 757 F.3d 497, 510 (6th Cir. 2014). If "the attorney believes on the basis of reasonable inquiry that there is a reasonable basis in law and fact for the position taken and that the paper is not filed for an improper purpose," then the conduct is not objectively unreasonable. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989).

## III.

The district court determined that Getty's due process argument "warrant[ed] the imposition of Rule 11 sanctions." Getty's briefs in this appeal neither identify any clearly

erroneous findings of fact nor assert that the district court applied the wrong legal standard. So we consider whether the district court improperly applied the relevant law.

By signing a motion, an attorney certifies that "claims" in that motion "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. Proc. 11(b)(2). Getty's Rule 59 motion to alter or amend argued that Defendants were denied due process by the district court's reliance on Conway's royalty report, their inability to cross-examine Conway, who, by the time of the evidentiary hearing was deceased, and their inability to cross-examine Patton, who never testified at the evidentiary hearing. (*See* R.447, Defendant's Rule 59 Motion, at PID#11625–29.)

To be sure, Conway's royalty report is vulnerable to criticism. The entire document is two pages. Although he prepared the report in 2012, Conway derived his "estimate" about the amount of coal available on the property "circa 2003." He suggested he had considered no more recent information. Even his expert report, which Conway created later, is only four pages. (R.331-2 at PID#8464–68.)

The district court expressed reservations about Conway's royalty report in its order remanding for an evidentiary hearing the magistrate judge's recommended disposition. It flagged its "hesitan[ce] to rely on the very short independent arbiter's report to award damages of such a magnitude," especially where the report did not discuss "the logistics of mining coal[, which] necessarily complicate the analysis of damages." But the district court also cautioned Defendants that "an evidentiary hearing into damages does not mean that Judge Ingram's conclusions as to damages will change."

At the hearing, Getty—on behalf of Defendants—failed to give the magistrate judge any reason to doubt Conway's report or any additional information to consider. Twice, Getty declined

to object to Conway's report. He did not object to Conway's report in Defendants' pre-hearing objection to Plaintiffs' exhibits even though Plaintiffs had included it as a hearing exhibit. (*Compare* R.390 (listing Conway's report as Plaintiffs' exhibit 3B), *with* R.399 (objecting to Plaintiffs' exhibits 13, 14, and 15.) The magistrate judge then gave the parties a second chance to object to exhibits after the hearing began. (*See* R.423 at PID#10152 (the Plaintiffs introduced Conway's report, and the magistrate judge observed that "Getty knows which exhibits you're talking about and he doesn't have an objection."); *id.* at 10157 (Getty objected to Plaintiffs' exhibit 16, which he had not included in his pre-hearing objections).) Getty didn't object then, either.

Instead, Getty attacked Conway's report and conclusions during the evidentiary hearing both with Defendants' own witnesses and during cross-examination of Plaintiffs' witnesses. (R.423 at PID#10242–49 (Getty cross-examined Brownlow about the contents of Conway's report); R.424 at PID#10573 (Justice testified there was no "reasonable basis" to rely on the "unproven" figures in Conway's report).) But Getty never introduced Defendants' own expert report to compete with Conway's calculations. (*See* R.398-1 at PID#9969.) And the magistrate judge found the witnesses Getty offered to be "not terribly credible." So there is no reasonable basis in law and fact for Getty's argument that the district court denied Defendants due process by considering Conway's royalty report, which was properly admitted into evidence, almost uncontested, and the only document in the record purporting to calculate Plaintiffs' alleged lost royalties.

Second, Getty complains that Defendants could not depose Conway, who had died in May 2017, before the evidentiary hearing. (Appellants' Br. at 7.) This, however, was almost four years after discovery closed. (*See* R.325 at PID#8412 ("Discovery by Defendants in this case closed on September 1, 2013.").) The magistrate judge denied Defendant's subsequent motion to reopen

these deadlines, emphasizing that Defendants "knowingly chose to forgo taking any discovery in the case." This was a deliberate decision, and Defendants themselves said they "anticipated raising the deficiencies in Plaintiffs' proof on a motion for summary judgment, or, if necessary, through cross-examination of the experts themselves." As the district court noted in its order awarding sanctions, Defendants "have to bear the consequences of that choice."

Getty argues that the court cannot attribute these failures to him, because he did not represent Defendants during the original discovery period. (Appellants' Br. at 7.) True enough. But the district court didn't sanction Getty for Defendants' failure to depose the author of the case's most important document. The district court sanctioned Getty because he argued that this failure by his client's former lawyers somehow constituted a denial of due process by the district court. There is no reasonable basis in law and fact for Getty's argument that Defendants' strategic decision not to seek discovery against a witness who later died was attributable to the court and a denial of due process.

Third and last, Defendants complained that they could not cross-examine Patton, Plaintiffs' other expert witness, at the evidentiary hearing.[2] (*See* R.447-1 at PID#11628 n.3 (arguing that the Plaintiffs "sent [Patton] away" to "preclude[] Defendants from bringing out the flaws in his report and questioning him regarding the flaws in the Conway report.")) But the real reason Defendants could not cross-examine Patton was that Getty failed to notice Patton as a witness. (*See* R.397 at PID#9962–66 (listing twenty-one witnesses that Defendants "expect[ed] to call during the evidentiary hearing" and not including Patton); R.423 at PID#10308–11 (discussion between the magistrate judge and Getty in which Getty said he had not yet subpoenaed Patton but that he would

---

[2] Plaintiffs offered Patton's report at the hearing but did not call him to testify. (R.390; *see* R.331-3.)

"think about" doing so).) And Getty failed to object to Patton's expert report. (*See* R.426 at PID#11053–54 (The Court asked Getty if "there is an objection to [Patton's report] being entered into evidence" and Getty responded "No, there is not.")) Plaintiffs had little reason to call an expert witness whose report, which Defendants failed to contest through an expert report of their own, had been entered into evidence without objection. Again, there is no reasonable basis in law and fact for Getty's argument that his failure to notice a potential witness, or to prepare a competing expert report, was attributable to the court and a denial of due process.

\*     \*     \*

"The core of due process is the right to notice and a meaningful opportunity to be heard." *LaChance v. Erickson*, 522 U.S. 262, 266 (1998). And as the district court observed, "[n]ot only have defendants been heard, they have been heard repeatedly." Getty had the benefit of four months to prepare for a three-day evidentiary hearing. (Appellants' Br. at 7.). He filed on Defendants' behalf a pre-hearing brief, a post-hearing brief, and objections to the magistrate judge's recommended disposition. (R.395; R. 432; R.444.)

The district court found that Getty offered this due process argument on behalf of Defendants "knowing nothing but their own conduct has hampered them." At bottom, Getty conflates the opportunity to be heard with success on the merits. The district court rejected this position, which Getty recycles in its opening brief.

Given the failures described above, it was objectively unreasonable for Getty to conclude that the due process argument had "a reasonable basis in law and fact." *See Jackson*, 875 F.2d at 1228–29 (interpreting Rule 11). The record and the district court's opinion do not impart the "definite and firm conviction that the trial court committed a clear error of judgment" characteristic

7

of an abuse of discretion. *Kallok*, 24 F. App'x at 498 (citing *Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir. 1990)).

**IV.**

We **AFFIRM**.